UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RAYMOND BRIGG, M.D., and STATE OF TENNESSEE *ex rel.* RAYMOND BRIGG, M.D., <br><br> Plaintiffs/Relators, <br><br> v. <br><br> AGENDIA, INC., *et al.*, <br><br> Defendants. | No. 3:21-CV-00286-JRG-DCP |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' Joint Notice of Partial Intervention for the Purpose of Settlement and Joint Notice of Partial Declination [Doc. 40]. This case arose as a qui tam action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Tennessee False Claims Act, Tennessee Code Annotated § 4-18-101 *et seq.*, and the Tennessee Medicaid False Claims Act, Tennessee Code Annotated § 71-5-181 *et seq. See* 31 U.S.C. § 3730(b)(1)–(2) (authorizing the United States to intervene in a civil action involving the submission of a false or fraudulent claim for payment to the federal government); *see also* Tenn. Code Ann. § 4-18-104(a)(3) (authorizing the State of Tennessee to intervene in a civil action involving the submission of a false or fraudulent claim for payment to the state government); Tenn. Code Ann. § 71-5-183(b)(2) (authorizing the State of Tennessee to intervene in a civil action involving the submission of a false or fraudulent claim for payment to Medicaid).

The United States and the State of Tennessee notify the Court that they have reached a settlement in this case as to specific claims and specific defendants, and they seek to intervene as to those specific claims against specific defendants. The United States seeks to intervene as to

Counts One through Four, but only for the purpose of reaching a settlement with Defendants Agendia, Inc., Knoxville Comprehensive Breast Center, PLLC, Kamilia Kozlowski, M.D., and Knoxville Dermatopathology Laboratory, PC. [Joint Mot. at 2–3]. The State of Tennessee seeks to intervene as to Counts Five through Ten, but only for the purpose of reaching a settlement with Knoxville Comprehensive Breast Center, Dr. Kozlowski, and Knoxville Dermatopathology Laboratory. [*Id.* at 3–4]. The United States and the State of Tennessee notify the Court, however, that they decline to intervene as to the claims against Defendants Jamshed U. Haq, M.D. and John Does 1–29, and although Relator Raymond Brigg, M.D. may now individually pursue this action against these defendants, *see* 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action."), the United States and the State of Tennessee inform the Court that he has no intention of doing so, [Joint Mot. at 4].

Next, the United States and the State of Tennessee request that the Court unseal the "Complaint and all other contents of the Court file with the exception of ex parte, in camera submissions supporting the joint (United States and Tennessee) requests for extensions of the intervention deadline and all status reports (Docs. 5, 6, 16, 17, 26, 27, 31, 32, 34, 35, 37, and 38)." [*Id.* at 5]. This request to unseal the complaint is appropriate at this stage, because "the primary purpose of the under-seal requirement is to permit the Government sufficient time in which it may ascertain the status quo and come to a decision as to whether it will intervene in the case filed by relator," a decision that the United States and the State of Tennessee, after more than three years' time, have now come to. *Summers v. LHC Grp., Inc.*, 623 F.3d 287, 292 (6th Cir. 2010). Although the False Claims Act requires the Court to seal the complaint until the United States reaches a decision on whether to intervene, it is silent as to how district courts

should treat requests to maintain a seal on other documents in the wake of this decision. *See* 31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."); *see also id.* § 3730(b)(3) (providing that motions to extend the deadline for intervention "may be supported by affidavits or other submissions in camera" or, effectively, under seal).

On the one hand, the Court must be careful not to "disclos[e] information that could reveal confidential investigative techniques employed by the Government, jeopardize ongoing investigations or other prosecutions, or injure non-parties." *U.S. ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-CV-285, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007) (citations omitted). But on the other hand, the Court has to be mindful of the "long-established legal tradition" of public access to judicial records, *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quotation omitted), and in this vein, the federal courts have long recognized a "strong presumption in favor of openness" as to judicial records, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). "The burden of overcoming that presumption is borne by the party that seeks to seal them," *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted), and that "burden is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records," *id.* (internal quotation mark and quotation omitted).

The presumption in favor of public access to judicial records is "especially strong where, as here, the filings involve matters of particular concern to the public, such as allegations of fraud against the government." *United States v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008); *see United States ex rel. Maur v. Hage-Korban*, No. 1:17-cv-01079-STA-jay, 2019 WL 4023751, at *1 (W.D. Tenn. Aug. 26, 2019) ("[T]he public has great

3

Case 3:21-cv-00286-JRG-DCP   Document 41   Filed 01/23/25   Page 3 of 6   PageID #: 295

interest in the allegations against Defendants. Plaintiff alleges that a physician and multiple healthcare providers in [W]est Tennessee submitted false claims to government insurance programs for wholly unnecessary testing."); *see generally Shane Grp.*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.").

In an attempt to overcome this strong presumption, the United States and the State of Tennessee argue that their prior requests for extensions of the deadline to intervene and their status reports should remain sealed because they contain "the government's methods, thought processes, strategic decisions, and communications with the defendant and Relator." [Joint Mot. at 5]. "While these are certainly grounds that could support a motion to retain the seal," they are but "general[] alleg[ations] of harm" that, without more, "fail[] to rise to the level necessary to justify keeping these documents under seal." *United States v. HCA, Inc.*, No. 1:08–CV–71, 2012 WL 5997952, at *3 (E.D. Tenn. Nov. 30, 2012); *see U.S. ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006) ("[I]t is proper to grant a motion to unseal a document that reveals only routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business[.]" (internal quotation mark and quotation omitted)).

In addition, although the United States and the State of Tennessee contend that "[m]aintaining the seal . . . . is in keeping with the seal provisions in § 3730," the Court has already observed that § 3730 says nothing about how courts should rule on requests to lift or maintain a seal on documents other than the complaint itself. *See HCA*, 2012 WL 5997952 at *2 ("The FCA expressly provides for the unsealing of the complaint but does not explain how courts should handle the unsealing of other court documents." (citation omitted)); *see United*

*States ex rel. Goodman v. Arriva Med., LLC*, No. 3:13-cv-00760, 2020 WL 12968434, at *3 (M.D. Tenn. Sept. 21, 2020) ("Notwithstanding the statutory scheme that contemplates some level of secrecy in the pre-intervention stages of an FCA case, the Court finds nothing in either the FCA or Sixth Circuit jurisprudence that would suggest the foundational principle of public access to court records should be overlooked once the government has intervened in the case.").

In the absence of a statutory directive as to whether documents other than the complaint should or must remain under seal following the United States's decision on intervention, the Court will adhere to Sixth Circuit's teachings in *Shane Group*, as other district courts have done when balancing governmental interests and the right to public disclosure in cases under the False Claims Act. *Goodman*, 2020 WL 12968434 at *2–4; *Maur*, 2019 WL 4023751 at *1–2. Under *Shane Group*, a party seeking to seal judicial records must show that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in "a clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 305, 307–08 (quotations omitted). This showing is necessary "even if neither party objects to the motion to seal," *id.* at 306, and the United States and the State of Tennessee, with their general allegations of harm, fail to make this showing, *see HCA*, 2012 WL 5997952 at *3 ("A cursory review of the documents only reveals information pertaining to general investigative matters, which does not outweigh the interest of public access, and does not allow the Court to make the specific findings necessary to maintain court records under seal."). As "[t]he proponent[s] of sealing," the United States and the State of Tennessee must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quotation omitted). The Court therefore **ORDERS** as follows:

5

1. The United States and the State of Tennessee may, within fourteen days of this Order's date, submit a supplemental brief in which they explain—with the necessary specificity—why the Court should maintain the seal on the documents that they identify in their joint motion. They should also explain why these documents are not amendable to redaction. In the meantime, the Court reserves ruling on their request to keep these documents sealed;

2. If the parties do not file their joint notices of voluntary dismissal within forty-five days of this Order's date, they **SHALL** file a status report in which they apprise the Court of their progress in consummating their settlement agreements; and

3. The Clerk of Court is **DIRECTED** to unseal the Complaint [Doc. 2] and all other documents in this action except, for the time being, documents 5, 6, 16, 17, 26, 27, 31, 32, 34, 35, 37, and 38.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
